**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2149
_____

WILLIAM GRONDIN,
Appellant

v.

FANATICS, INC,
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-22-cv-01946)
District Judge: Honorable Gene E. K. Pratter
_____

Submitted Under Third Circuit L.A.R. 34.1(a):
September 5, 2024
_____

Before: JORDAN, HARDIMAN, and PORTER,
*Circuit Judges*.

(Filed:  December 27, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge*.

William Grondin sued Fanatics Inc. ("Fanatics") for copyright infringement. The District Court dismissed the case because Grondin did not identify a copyrighted aspect of his work that Fanatics allegedly copied. We will affirm.

I

In 1996, Grondin designed hockey memorabilia he calls "Slice of the Ice." The original "Slice of the Ice" is a transparent sculpture with a hockey puckshaped cavity filled with melted rink ice from noteworthy hockey games. The sculpture is shaped like the Stanley Cup trophy, made of a hard plastic (Lucite), and features logos associated with the National Hockey League and its teams. Grondin later produced simplified versions of Slice of the Ice that are just the transparent hockey pucks filled with melted rink ice.[1]

In 1998, Grondin received copyright protection for Slice of the Ice, which he described as a "reproduction of the Stanley Cup in Lucite, with a puck-shape cavity containing melted ice." JA 23–24. With licenses from the NHL, Grondin sold Slice of the Ice to NHL franchises who then sold it to fans.

Fanatics sells products like the simplified version of Slice of the Ice. Fanatics's product is also a transparent hockey puck filled with melted rink ice.

---

[1] Grondin clarified that this action only alleges copyright infringement of the original version of Slice of the Ice. *Grondin v. Fanatics, Inc.*, 2023 WL 144284, at *1 n.1 (E.D. Pa. Jan. 10, 2023).

In May 2022, Grondin sued Fanatics for copyright infringement. Fanatics moved to dismiss the case because Grondin did not have a valid copyright and, even if he did, Fanatics did not copy Slice of the Ice. The District Court concluded that Grondin holds a valid copyright, but he failed to plead sufficient facts plausibly demonstrating that Fanatics's product was similar and that Fanatics had access to Slice of the Ice. Grondin amended his complaint and Fanatics again moved to dismiss. This time, the District Court held that Grondin alleged sufficient facts to demonstrate access but not substantial similarity, and dismissed the case with prejudice. Grondin appealed.

## II

The District Court had subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) and we have jurisdiction under 28 U.S.C. § 1291. We review a district court's decision on a motion to dismiss de novo. *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).

## III

To state a claim for copyright infringement a plaintiff must allege that (1) he owns a valid copyright, and (2) the defendant copied the copyrighted work's original and protected aspects. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The element of copying has two components: (a) actual copying and (b) material appropriation. *Tanksley v. Daniels*, 902 F.3d 165, 173 (3d Cir. 2018).

Actual copying occurs when the defendant used the plaintiff's work to create a plagiarized work. *Id.* Plaintiffs can prove actual copying either directly (*e.g.*, with "smoking gun" evidence of the defendant cutting-and-pasting the copyrighted work) or

3

indirectly (*e.g.*, by demonstrating that the two works are similar enough such that actual copying can be inferred). *Id*. When courts ask whether actual copying can be inferred, they look at both copyrighted and non-copyrighted aspects of the two works. *Id*.

Material appropriation is a related, but different, concept. It asks whether the copyrighted aspects of the original work are sufficiently similar to the copyrighted aspects of the plagiarized work. *Id.* at 174. Two works are said to be "substantially similar" if "a 'lay-observer' would believe that the copying was of protectable aspects of the copyrighted work." *Id.* (quoting *Dam Things from Den. v. Russ Berrie & Co. Inc.*, 290 F.3d 548, 562 (3d Cir. 2002)). When courts ask whether material appropriation occurred, they look only at copyrighted aspects of the original work and exclude non-copyrighted aspects. *Id.* at 173. The material appropriation inquiry is therefore a two-step process: *first*, courts distill the original work to only its copyrighted elements; *second*, they compare the distilled copyrighted work to the alleged plagiarized work. *Id*. at 174.

At issue on appeal is whether the District Court erroneously concluded that Grondin failed to allege sufficient facts plausibly demonstrating substantial similarity. Following the two-step material appropriation inquiry, we first ask whether the District Court properly identified the copyrighted aspects of Slice of the Ice. Only then can we ask whether the District Court erred in comparing the copyrighted aspects of Slice of the Ice and Fanatics's product.

A

Grondin points to several aspects of Slice of the Ice that, in his view, demonstrate substantial similarity: (1) the idea of hockey memorabilia being filled with melted rink

4

ice, (2) the process of retrieving rink ice, (3) the idea of providing a certificate of authenticity, (4) the use of a puckshaped object, (5) the fact that the hockey puck is transparent, (6) the fact that the hockey puck is hollow, and (7) the amount of melted rink ice with which the hockey puck is filled. We consider each in turn.

1

It is blackletter copyright law that no "idea, procedure, process, system, method of operation, concept, principle, or discovery" is protected by copyright. 17 U.S.C. § 102(b). Particular expressions of an idea, however, are protected by copyright. *See, e.g.*, *Golan v. Holder*, 565 U.S. 302, 328 (2012). Thus, neither the idea of filling hockey memorabilia with melted rink ice, nor the process of retrieving rink ice, nor the idea of providing certificates of authenticity is a copyrighted aspect of Slice of the Ice, as Grondin argues. Because none of these features are copyrighted, they cannot demonstrate substantial similarity.

2

Grondin also posits that the use of a puckshaped object as an expression of his idea to fill hockey memorabilia with rink ice is a protected aspect of Slice of the Ice. We agree with the District Court that the use of a puckshaped object as an expression of an idea about hockey is unprotected under the *scènes à faire* doctrine.

Under that doctrine, "elements that flow predictably from a general idea" are not protected. *Tanksley*, 902 F.3d at 175. "*Scenes a faire* are 'incidents, characters or settings which are as a practical matter indispensable . . . in the treatment of a given topic.'" *Whelan Assocs. Inc., v. Jaslow Dental Lab'y, Inc.*, 797 F.2d 1222, 1236 (3d Cir. 1986)

(quoting *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 616 (7th Cir. 1982)). We have explained that *scènes à faire* are not protected "because the subject matter represented can be expressed in no other way than through the particular *scene a faire*." *Id.* If these elements were protected, "copyright would give the first author a monopoly on the commonplace ideas behind the *scenes a faire*." *Id.* (quoting *Landsberg v. Scrabble Crossword Game Players, Inc.*, 736 F.2d 485, 489 (9th Cir. 1984)) (internal quotations omitted). Thus, "[i]n a film about a college fraternity, for example, 'parties, alcohol, co-eds, and wild behavior' would all be considered *scènes à faire*." *Tanksley*, 902 F.3d at 175 (quoting *Stromback v. New Line Cinema*, 384 F.3d 283, 296 (6th Cir. 2004)). Similarly, the use of a puckshaped object "flow[s] predictably" from, *id.*, and is an "incident[]" that is "as a practical matter indispensable" to ideas about hockey, *Whelan Assocs.*, 797 F.2d at 1236 (quoting *Atari*, 672 F.2d at 616). As a *scène à faire*, the hockey puck shape is thus not a protected aspect of Slice of the Ice.

3

Next, Grondin points to the transparency, hollowness, and existence of an air bubble as protected aspects of Slice of the Ice. These aspects of Slice of the Ice, however, are likewise not protected because they are utilitarian. The definitional section of the Copyright Act excludes "mechanical or utilitarian" aspects of copyrighted "sculptural works" from protection. *See* 17 U.S.C. § 101. It defines "[p]ictorial graphic, and sculptural works" to "include works of artistic craftmanship insofar as their form but not their mechanical or utilitarian aspects are concerned." *Id.* An aspect of a work is "utilitarian" within the meaning of copyright law so long as it is "intrinsically useful" for

the realization of an idea. *Silvertop Assocs. Inc. v. Kangaroo Mfg. Inc.*, 931 F.3d 215, 221 (3d Cir. 2019).

For example, we concluded in *Silvertop Associates v. Kangaroo Manufacturing* that the cutouts for a costume wearer's limbs were utilitarian aspects of a costume. *Id.* at 221. There, we noted that the "dimensions and locations" of the costume's cutouts were "intrinsically useful (perhaps even necessary) to make the costume wearable . . . so they cannot be copyrighted." *Id.* at 221 n.5.

We recognize that "[t]he line between art and industrial design [] is often difficult to draw." *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405, 409 (2017). Nevertheless, we think the District Court got it right: the transparency, hollowness, and existence of an air bubble in Slice of the Ice are utilitarian, non-copyrighted aspects. Each of these features are "intrinsically useful" for displaying melted rink ice. That Slice of the Ice's transparency and hollowness are useful for displaying melted rink ice is self-evident. The existence of an air bubble is less obvious, but no less useful. As the District Court noted, placing an air bubble inside the puckshaped object is useful because it shows that Slice of the Ice is filled with melted rink ice. *Grondin v. Fanatics, Inc.*, 2023 WL 2957474, at *2 (E.D. Pa. April 14, 2023). The fact that there might be alternative ways to demonstrate that an object is filled with water without an air bubble (*e.g.*, by using material that more noticeably refracts light) or by changing the size of the air bubble does not change our analysis.

Grondin argues that the District Court erred because Slice of the Ice serves only aesthetic purposes. This argument conflates two issues: whether Slice of the Ice is itself a

7

"useful article" and whether particular features of Slice of the Ice are not copyrighted because those features are useful. The former issue—whether Slice of the Ice is a copyrighted "useful article" that incorporates independently copyrighted "pictorial, graphic, or sculptural features" or a copyrighted "pictorial, graphic, and sculptural work"—does not resolve this dispute.

Instead, the issue on appeal is whether Fanatics's product infringes on Grondin's valid copyright. To answer that question, we must determine whether Slice of the Ice and Fanatics's product are substantially similar such that "a 'lay-observer' would believe that the copying was of protectable aspects of the copyrighted work." *Tanksley,* 902 F.3d at 174 (quoting *Dam Things from Den.*, 290 F.3d at 562). In so doing, we only consider elements of a copyrighted work that are protectable by copyright law. *Id.* at 173. And, for the reasons mentioned above, Slice of the Ice's transparency, hollowness, and the existence of an air bubble are useful, therefore non-copyrighted, features of the work.

B

Having considered which aspects of Slice of the Ice are protected by copyright, the next step is to determine whether Slice of the Ice (excluding all non-copyrighted features) is substantially similar to Fanatics's product. Our task here is simplified by the fact that Grondin has not identified any copyrighted aspect of Slice of the Ice upon which Fanatics's product allegedly infringes. Without pointing to any copyrighted aspect of Slice of the Ice, Grondin cannot demonstrate that Slice of the Ice is substantially similar to Fanatics's product and therefore cannot state a claim for copyright infringement against Fanatics.

8

Grondin argues that our caselaw forecloses the District Court's divide-and-conquer approach under which it "inspect[ed] each feature individually" only to "find each one too unoriginal or too utilitarian in isolation" therefore "declin[ing] to protect the whole." *Kangaroo Mfg.*, 931 F.3d at 221. Indeed, we have often instructed courts to "train[] [their] focus on the combination of design elements in a work" when considering whether two works are substantially similar. *Id*; *see also*, *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 209 (3d Cir. 2005) (focusing on "the specific combination of elements [] employed to give [a work] its unique look"). That instruction reminds courts to not lose the forest for the trees by separately comparing each *copyrighted* aspect of a work and overlooking the focus of the inquiry—whether "a lay-observer would believe that the copying was of protectable aspects of the copyrighted work." *Tanksley*, 902 F.3d at 174 (quoting *Dam Things from Den.*, 290 F.3d at 562) (internal quotations omitted). However, in situations where a plaintiff does not point to any aspect of his work that is protected by copyright law, there is simply nothing to compare. Because none of the aspects of Slice of the Ice that Grondin alleged Fanatics's product copied were protected by his copyright, there is no basis for concluding that the two are substantially similar.

*     *     *

For these reasons, we will affirm.